UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON


CIVIL ACTION NO. 10-273-GWU


TERESA D. PARSON,                                               PLAINTIFF,


VS.                          **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.


## INTRODUCTION

Teresa Parson brought this action to obtain judicial review of an unfavorable

administrative decision on her applications for Disability Insurance Benefits and for

Supplemental Security Income.  The case is before the court on cross-motions for

summary judgment.


## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

    1.    Is the claimant currently engaged in substantial gainful activity?
        If so, the claimant is not disabled and the claim is denied.

    2.    If the claimant is not currently engaged in substantial gainful
        activity, does he have any "severe" impairment or combination
        of impairments--i.e., any impairments significantly limiting his
        physical or mental ability to do basic work activities?  If not, a
        finding of non-disability is made and the claim is denied.

1

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.

4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

2

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work.  Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work.  Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

then an award of benefits may, under certain circumstances, be had.  E.g.,  Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Parson, a former mail machine operator, suffered from impairments related to chronic low back pain with radiation into both lower extremities. (Tr. 102, 104). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 103). Since the claimant would still be able to perform her past relevant work, she could not be considered totally disabled. (Tr. 104-105).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Parson could return to her past relevant work as a mail machine operator, the ALJ relied heavily upon the testimony of Vocational Expert Joyce Forrest.  The hypothetical question presented by the ALJ included an exertional restriction to medium level work restricted from a full range by inability to more than occasionally climb ladders, ropes or scaffolds. (Tr. 122). Forrest testified that such a person could still perform the plaintiff's past relevant work.  (Id.). Therefore, assuming that the vocational factors considered by the expert fairly characterized the claimant's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The ALJ dealt properly with the evidence of record relating to Parson's physical condition.  Dr. Raymond Santucci examined the plaintiff and reported a normal physical examination.  (Tr. 342).  There was no evidence of nerve root damage, deep tendon reflexes were brisk and all sensory modalities were well-preserved. (Id.).  Dr. Santucci noted an impression of chronic low back pain.  (Id.). Despite these pain complaints, the doctor opined that the claimant would be able to sit, ambulate, stand, bend, kneel, push, pull, lift, and carry heavy objects.  (Id.). The hypothetical factors were consistent with this opinion.

6

Dr. Timothy Gregg reviewed the record and opined that Parson did not suffer from a "severe" physical impairment.  (Tr. 386).  The ALJ's findings were consistent with this opinion.

More severe physical restrictions than those found by the ALJ were not reported by such treating and examining sources as the staff at the Pain Treatment Center (Tr. 255-259), Dr. Seroj Dubal and the staff at the St. Joseph Pain Clinic (Tr. 268-304), Dr. Philip Tibbs (Tr. 353-355) and the staff at Bluegrass Orthopaedics (Tr. 393-450).  These reports also provide support for the administrative denial decision.

Dr. Christopher Sims, a treating source, identified extremely severe physical limitations on a Physical Capacities Evaluation Form including an inability to ever walk or stand.[1]  (Tr. 451).  The ALJ rejected Dr. Sims's opinion because it was not supported by substantial medical evidence and inconsistent with other medical evidence of record including the physician's own treatment notes.  (Tr. 104).  The physician did not cite what medical evidence supported his restrictions.  (Tr. 451).  As noted by the ALJ, while the doctor indicated that the plaintiff was unable to either walk or stand, her own testimony indicated that this was not the case.  (Tr. 104, 112-113).  The ALJ noted that an MRI scan from Bluegrass Orthopaedics revealed

---

[1]This report was initially omitted from the administrative transcript and the plaintiff argued that this omission was a ground for reversal and remand of the action.  However, the administration later included it in a supplemental transcript.

no stenosis.  (Tr. 104, 395).  Nerve conduction studies and EMG testing had been normal.  (Tr. 104, 397).  Dr. Santucci's physical examination results were completely normal.  (Tr. 104, 342).  Dr. Sims noted a normal gait and neurological examination in October of 2005.  (Tr. 264).  Therefore, under these circumstances, the ALJ properly rejected the opinion of Dr. Sims.

The ALJ properly found that Parson did not suffer from a "severe" mental impairment.  Dr. Jack Eardley examined the plaintiff and diagnosed a depressive disorder.  (Tr. 348).  However, Dr. Eardley indicated that she would be able to make personal and social adjustments and would have the ability to understand, remember and carry out instructions.  (Id.).  The mere diagnosis of a condition does not prove its severity and its disabling effects must still be shown.  Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988).  Psychologists Ilze Sillers (Tr. 357) and Larry Freudenberger (Tr. 372) each reviewed the record and opined that the claimant's mental problems did not constitute a "severe" impairment.  These reports support the ALJ's finding.

Parson asserts that the ALJ failed to consider the combination of her impairments.  However, the undersigned has already found that the hypothetical question fairly characterized her condition.  Thus, the ALJ implicitly considered all of the plaintiff's impairments in combination.  Furthermore, the claimant has not asserted how the ALJ erred on this point.  Therefore, the court finds no error.

Parson argues that her medical problems would prevent her from maintaining employment and, so, she could not meet the duration requirements for substantial gainful activity.  The plaintiff cites the Ninth Circuit Court of Appeals case of Gatliff v. Commissioner of Social Security, 172 F.3d 690 (9th Cir. 1999).  However, in Gatliff, the record contained considerable evidence that the claimant would not be able to maintain employment more than a couple of months and the ALJ had even acknowledged this fact.  Gatliff, 172 F.3d at 692.  In the present action, Parson has not identified similar evidence suggesting that she would not be able to maintain employment.  Therefore, the court must reject the plaintiff's argument.

Parson argues that the ALJ did not properly evaluate her subjective pain complaints.  Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Parson was found to be suffering from a potentially painful condition.  However, even if she could be found to have satisfied the first prong of the so-called Duncan test, the plaintiff does not meet either of the alternative second prongs.  As previously noted, an MRI scan from Bluegrass

Orthopaedics revealed no stenosis. (Tr. 395). Nerve conduction studies and EMG testing had been normal. (Tr. 397). Dr. Santucci's physical examination results were completely normal. (Tr. 342). Even Dr. Sims noted a normal gait and neurological examination in October of 2005. (Tr. 264). Thus, the evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Parson's pain complaints.

The court notes that Parson submitted additional medical records directly to the court which were never seen by the ALJ. (Tr. 7-96, 126-131). This action raises an issue concerning a remand for the taking of new evidence before the Commissioner. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

A court may order additional evidence be taken before the Commissioner, " . . . but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g). The statute provides that a claimant must prove that the additional evidence is both "material" and that "good cause" existed for its not having been submitted at an earlier proceeding. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988). In order to demonstrate "materiality," a claimant must show that a reasonable

probability exists that the Commissioner would have reached a different conclusion if originally presented with the new evidence.  <u>Sizemore</u>, 865 F.2d at 711.  In the present action, Parson has failed to adduce arguments why a remand of the action is required.

Finally, Parson notes that the Dr. Sims's Physical Capacities Evaluation form was not before the Appeals Council.  The Appeals Council found no reason for review meaning that the ALJ's denial decision was the final decision of the administration subject to judicial review.  Any error in omitting this piece of evidence would be harmless.

The undersigned concludes that the administrative decision should be affirmed.  A separate judgment and order will be entered simultaneously consistent with this decision.

This the 28th day of June, 2011.

**Signed By:**

**_G. Wix Unthank_**

**United States Senior Judge**

11